Case 1:16-cv-01037-DAE   Document 1   Filed 09/06/16   Page 1 of 6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANTOINETTE MATTOX AND RONALD MATTOX, Plaintiffs | § § § § | |
| v. | § § | CIVIL ACTION NO. 1:16-cv-01037 |
| SAFECO INSURANCE COMPANY OF INDIANA AND DERRICK ETHERIDGE, Defendants | § § § § § | |

**NOTICE OF REMOVAL OF ACTION UNDER**
**28 U.S.C. §§ 1332 AND 1441(b) (DIVERSITY)**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Safeco Insurance Company of Indiana ("Safeco"), hereby petition this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 for removal, on the basis of diversity jurisdiction, to the United States District Court for the Western District of Texas, Austin Division, of the action styled *Antoinette Mattox and Ronald Mattox v. Safeco Insurance Company of Indiana and Derrick Etheridge*; Cause No. D-1-GN-16-003515; currently pending in the 345th Judicial District Court of Travis County, Texas (the "State Court Case"), and in support thereof would respectfully show this Court as follows:

**I.**
**FACTS**

1.      Plaintiffs filed suit in the State Court Case on August 3, 2016, as the result of alleged delay or denial of benefits under their homeowners' insurance policy. Plaintiffs allege that Safeco breached its contract with Plaintiffs, breached the common law duty of good faith and fair dealing and violated provisions of the Texas Insurance Code and Texas Deceptive Trade Practices Act in the adjustment and handling of Plaintiffs' claim by delaying and denying

benefits following their loss on or about April 19, 2015. *See Plaintiffs' Original Petition* (the "Petition") at ¶¶ 4-11. Plaintiffs also seek actual, consequential damages, treble damages and punitive, additional and exemplary damages under the Texas Insurance Code and attorneys' fees for Safeco's wrongful denial and statutory prompt payment penalties. Safeco denies that Plaintiffs are entitled to these benefits or damages.

2. Defendant Safeco was served with the Petition and citation on August 5, 2016. Safeco filed its Original Answer on August 26, 2016. Defendant Derrick Etheridge has not been served with the Petition or citation. A true and correct copy of all pleadings, process, orders and correspondence served in this action is attached hereto as Exhibit "A" and incorporated herein by reference.

3. Pursuant to TEX. R. CIV. P. 47, Plaintiffs' Petition states that Plaintiffs seek monetary relief over $200,000 but not more than $1,000,000. Petition at ¶ 12.

4. Complete diversity exists between the Plaintiffs and Defendant Safeco now as well as on the date of filing of the State Court Case. Plaintiffs are citizens and residents of the State of Texas. Petition at ¶ 1. Defendant Safeco is an insurance company incorporated in Illinois with its principal place of business in Massachusetts. Safeco is a citizen of Illinois and Massachusetts and not the State of Texas.

5. Defendants Derrick Etheridge ("Etheridge) is a Texas resident and was improperly joined to defeat diversity jurisdiction in this case. Etheridge has not been served with Plaintiffs' Original Petition and citation.

6. Plaintiffs made a jury demand in the State Court Case.

7. This is a civil action which may be removed to this Court by Defendant Safeco pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1332(a) in that it is between citizens of

different states; it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs; and Safeco is not a citizen of the State of Texas.

## II.
## DEFENDANT DERRICK ETHERIDGE IS IMPROPERLY JOINED TO DEFEAT DIVERSITY

8. The test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant and there is no reasonable basis for predicting that the plaintiff might be able to recover against an in-state defendant. *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004). A reasonable basis means more than a mere hypothetical basis. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). If there is no reasonable basis for recovery, then the court can conclude that the plaintiff's decision to join the in-state defendant was improper. *McDonald v. Abbot Labs*, 408 F.3d 177, 183 (5th Cir. 2005).

9. Whether a plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and pleaded theory of recovery. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir 1999). The *Griggs'* court required that the petition state specific "facts warranting liability" in order to defeat removal. *Id.* (emphasis added). "General, undocumented and non-specific statements" in the plaintiff's petition are insufficient to state claims for violations of the Insurance Code, the DTPA, common law fraud and misrepresentation under Texas law. *Id.* at 702. "The Fifth Circuit has bluntly rejected the contention that merely a theoretical possibility of recovery will suffice to preclude removal . . . . [I]t has held that, when plaintiffs make general allegations and fail to support them with specific, underlying facts, they have not established a reasonable basis for the Court to predict that relief may be granted."

*Staples v. Merck & Co., Inc.*, 270 F. Supp. 2d 833, 837 (N.D. Tex. 2003) (citing *Great Plains*, 313 F.3d at 329; *Badon v. R.J.R. Nabisco, Inc.*, 224 F.3d 382, 391-92 (5th Cir 2000)).

10. In this case, Plaintiffs have not pled any factual allegations regarding Defendant Etheridge that could form the basis of an independent cause of action against him as opposed to the carrier. Plaintiffs have alleged Etheridge was the claim representative assigned to their claim and made determinations as to the scope of the loss, cost estimate and causation. *See* Petition, 3. Plaintiffs also allege that Etheridge incorrectly determined that the cause of the damage was an uncovered cause of loss, resulting in the denial of their claim. *Id.* Plaintiffs do not identify any false, misleading or deceptive acts by Etheridge. Thus, Plaintiffs have filed suit against Etheridge for the same reason that Plaintiffs filed suit against Safeco: they are unhappy with the amount Safeco paid to settle their claim. This is not sufficient to establish a reasonable probability of recovery against Etheridge. *Vargas v. Great Lakes Reinsurance (UK) PLC*, No. 4:15-CV-112Y, 2015 WL 11120523 at *3-4 (N.D. Tex. May 19, 2015) (holding that adjuster that investigates claim cannot be held liable for violations of Texas Insurance Code and allegations that adjuster "underscoped" or "underestimated" damage is outside the scope of § 541.060(a)(1)); *One Way Investments v. Century Surety Co.*, No. 3:14-CV-2839-D, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014) (holding that representations that wind and hail damage was far less extensive than it actually was and that damaged was caused by factors that did not trigger coverage under the policy were not statements that are within the scope of § 541.606 because they do not relate to the "coverage at issue."); *Messersmith v. Nationwide Mut. Ins. Co.*, 10 F.Supp. 3d 721, 724 (N.D. Tex. 2014) ("for an adjuster to be held individually liable, [he] must have committed some act that is prohibited by [the Texas Insurance Code], not just be connected to an insurance company's denial of coverage.") Texas law does not contemplate that

adjusters like Etheridge will be held individually liable for the insurance carrier's decision on a claim. *See Ardila v. State Farm Lloyds*, 2001 WL 34109 378 (S.D. Tex. 2001) (citing *Coffman v. Scott Wetzel Services, Inc.*, 09 S.W.2d 516 (Tex. App.–Fort Worth 1995, no writ) for proposition that adjusters do not have liability under the DTPA for lack of good faith in processing insurance claims.) Defendant Etheridge has been improperly joined for the sole purpose of defeating diversity.

## III.
## PROCEDURAL REQUIREMENTS

11. This action is a civil action which may be removed to this Court by Safeco pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1332(a) in that it is between citizens of different states; it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs; and Safeco is not a citizen of the State of Texas.

12. Pursuant to 28 U.S.C. §§ 1446(d) written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

13. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Clerk of the 345th Judicial District Court of Travis County, Texas, promptly after the filing of this Notice.

14. Attached hereto and incorporated herein, are the following items:

    Exhibit A:   A true and correct copy of all pleadings, process and orders served in this action

    Exhibit B:   State Court Case Docket Sheet

    Exhibit C:   List of all counsel of record

    Exhibit D:   Index of all documents filed with the Court.

WHEREFORE, PREMISES CONSIDERED, Defendant Safeco Insurance Company of Indiana requests that this action be removed from the 245th Judicial District Court of Travis County, Texas to the United States District Court for the Western District of Texas, Austin Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 6000
Austin, Texas 78701
Telephone: (512) 472-7700
Facsimile: (512) 472-0205


By: */s/ Laura D. Tubbs*
Catherine L. Hanna
State Bar No. 08918280
Email: channa@hannaplaut.com
Laura D. Tubbs
State Bar No. 24052792
Email: ltubbs@hannaplaut.com

**ATTORNEYS FOR DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of September, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Gerald T. Drought
Clare L. Pace
Martin & Drought, P.C.
Bank of America Plaza, 25th Floor
300 Convent Street
San Antonio, Texas 78205
*Attorneys for Plaintiffs*

*/s/ Laura D. Tubbs*
Laura D. Tubbs