# EXHIBIT "A"

8/3/2016 4:20:23 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-16-003515**
**Chloe Jimenez**

CAUSE NO. **D-1-GN-16-003515**

| | | |
|---|---|---|
| ANTOINETTE MATTOX | § | IN THE DISTRICT COURT |
| AND RONALD MATTOX | § | |
| | § | |
| V. | § | **345TH** JUDICIAL COURT |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA AND | § | |
| DERRICK ETHERIDGE | § | TRAVIS COUNTY,  TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Antoinette and Ronald Mattox, Plaintiffs herein, who file this, their Original Petition against the Defendants, Safeco Insurance Company of Indiana and Derrick Etheridge, and hereby respectfully show unto the Court and Jury as follows:

### I.
### DISCOVERY CONTROL PLAN

Plaintiffs intend for discovery to be conducted under Level 2 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

Plaintiffs, Antoinette and Ronald Mattox, are individuals residing in Travis County, Texas.

The Court has jurisdiction over Defendant, Safeco Insurance Company of Indiana ("Safeco"), because Defendant is an insurance company that engages in the business of insurance in the State of Texas and Plaintiffs' causes of action arise out of Defendant's business activities in the State of Texas.  It can be served with citation by serving its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701.

The Court has jurisdiction over Defendant, Derrick Etheridge ("Etheridge"), because Defendant Etheridge is an individual residing in Texas. He can be served with citation at his home at 5207 La Viva Lane, Arlington, TX 76017.

### III.
### VENUE

Venue is proper in Travis County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Travis County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code §15.002 (see below). Venue is proper and mandatory in Travis County against all the potential Defendants in this case because venue is mandatory and/or proper against at least one Defendant and all claims or actions in this case arise out of the same transaction, occurrence, or series of transactions or occurrences. *See* Tex. Civ. Prac. & Rem. Code §15.005.

### IV.
### CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### V.
### FACTS

Plaintiffs are the owners of Policy number OY7134851 issued by Defendant Safeco (hereinafter referred to as the "Policy"). Plaintiffs owned the insured property (hereinafter referred to as the "Property"), which is specifically located at 101 Crescent Bluff, Lakeway, TX 78734. Plaintiffs' Property is a rental property. After the storm and because of the interior water damage to the property, Plaintiffs' tenants vacated the property and Plaintiffs have been unable to rent the property because of the damage. Plaintiffs were forced to make a full repair of their property to mitigate their damage.

Defendant sold the Policy, insuring the Property that is the subject of this lawsuit, to Plaintiffs. Plaintiffs suffered a significant loss with respect to the Property at issue as a result of hail and strong winds. Plaintiffs submitted a claim to Defendant for damages to the Property insured by Defendant. Defendant assigned claim number 130183195002 to Plaintiffs' claim.

Defendant Etheridge acted as the claim representative and made contact with the insureds to begin their claim. Defendant Etheridge sent Philip Littlejohn to inspect the property but Defendant Etheridge made determinations as to the scope of loss, cost estimate, and causation. Defendant Etheridge represented to the Plaintiffs that if they obtained an independent estimate and submitted it to him, that he would review the estimate and photos. However, upon submitting the estimate to Defendant Etheridge, Defendant Etheridge obtained Donan Engineering to complete a review of the property. Donan Engineering submitted a conclusory estimate that provided inadequate and insufficient explanation as to why Plaintiffs' roof damage was not caused by hail. Plaintiffs' roof claim was subsequently denied as being caused by friction between the tiles, expansion of the tiles, and/or foot traffic. Donan made this assumption even though the hail at the Plaintiffs' property was sufficient hail size to damage the roof tiles, as explained by Donan's own report. Upon receiving this report, Defendant Etheridge denied Plaintiffs' claim.

Defendant Etheridge wrongly determined that the majority of Plaintiffs' claim was excluded under the policy by misrepresenting the cause of the damage and the language of the policy exclusions. Defendant Etheridge attributed the vast majority of Plaintiffs' damage to friction, expansion, and footfall; therefore, causing Plaintiffs' claim to not be covered by Defendant Safeco.

Defendant Safeco failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Defendant Safeco failed and refused to pay the full proceeds due under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to

cover the damage and all conditions precedent to recovery upon the Policy and under Plaintiffs' claims have been carried out and accomplished by Plaintiffs. Such conduct by Defendant Safeco constitutes breach of the insurance contract between Defendant and Plaintiffs.

Defendants Safeco and Etheridge misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes violations of the Texas Insurance Code. Defendants misrepresented to Plaintiffs that Plaintiffs' property was excluded under the Policy.

Defendants Safeco and Etheridge failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was or should have been aware of its liability to Plaintiffs under the Policy. Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE §541.060(2).

Defendants Safeco and Etheridge failed to promptly provide to Plaintiffs a reasonable explanation of the basis of the policy, in relation to the facts or applicable law, for the Defendants' denial of the claim. Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE §541.060(3).

Defendants Safeco and Etheridge failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Defendants Safeco and Etheridge. Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE §541.060(4).

Defendants Safeco and Etheridge refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants Safeco and Etheridge failed to conduct a reasonable

investigation. Specifically, Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE §541.060(7).

Defendant Safeco failed to meet its obligations under the Texas Insurance Code regarding acknowledging Plaintiffs' claim, beginning investigations to Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within fifteen (15) days of receiving notice of Plaintiffs' claim. Defendant Safeco's conduct constitutes violations of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE §542.055.

Defendant Safeco failed to accept or deny Plaintiffs' full and entire claim within fifteen (15) business days of receiving all required information. Defendant Safeco's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE §542.056.

Defendant Safeco failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant Safeco has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for the claim. Defendant's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE §542.055.

From and after the time Plaintiffs' claim was presented to Defendant Safeco, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite Defendant having no good faith basis on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes breaches of the common law duty of good faith and fair dealing.

As a result of Defendant's acts and omissions, Plaintiffs were forced to retain the attorney who is representing Plaintiffs in this cause of action.

## VI.
## CAUSES OF ACTION

### A.   Breach of Contract by Defendant Safeco

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitute material breaches of the insurance contract with Plaintiffs. Plaintiffs have suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees.

### B.   Cause of Action for Violation of Section 541 by Defendants Safeco and Etheridge

Defendants' conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act*. TEX. INS. CODE §541.151.

Defendants' unfair practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.051, 541.060 and 541.061.

Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendants' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.051, 541.060 and 541.061.

Defendants' unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair

method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE ANN. §541.051, 541.060 and 541.061.

Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.051, 541.060 and 541.061.

**C.      Cause of Action for Violation of Section 542 by Defendant Safeco**

Defendant's conduct constitutes multiple violations of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE §542. All violations made under this article are made actionable by TEX. INS. CODE §542.060

Defendant's failure, as described above, to acknowledge receipt of Plaintiffs' claim, commence investigation of the clam, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, constitutes a non-payment of the claim. TEX. INS. CODE §542.055-542.060.

**D.      Violation of the Texas Deceptive Trade Practices Act by Defendant Safeco**

Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiffs also brought each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendant under the provisions of the DTPA, including without limitation the misrepresentations made by Defendant as set forth above which were made to and which did, in fact, induce Plaintiffs into purchasing the Policy from Defendant. Plaintiffs are consumers of goods and

services provided by Defendant pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendant's violations include, without limitation, (1) its unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim, (2) its failure to give Plaintiffs the benefit of the doubt, and (3) its failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear.

As described in this petition, Defendant represented to Plaintiffs that its insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendant represented to Plaintiffs that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendant advertised its insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendant represented to Plaintiffs that its insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed, which gives Plaintiffs the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendant has breached an express warranty that the damage caused by wind and hail would be covered under the insurance policies. This breach entitles Plaintiffs to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendant's actions, as described in this petition, are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**E.    Cause of Action for Unfair Insurance Practices by Defendants Safeco and Etheridge**

Defendants' conduct described above constitutes unfair insurance practices.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code. By their acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in

violation of 541 of the Texas Insurance Code.  Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, Defendants' failure to pay for the proper repair of Plaintiffs' real property on which liability had become reasonably clear; engaging in false, misleading and deceptive acts or practices in the business of insurance in this case; and misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue.  They further include Defendants' failure to give Plaintiffs the benefit of the doubt.  Specifically, Defendants are guilty of the following unfair insurance practices:

A.   Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.   Engaging in unfair claims settlement practices;

C.   Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

D.   Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.   Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time;

F.   Refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim; and

G.   Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing.  Defendants' conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

**F.     Cause of Action for Breach of Duty of Good Faith and Fair Dealing by Defendant Safeco**

Defendant's conduct described above constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although at the time Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

Defendant has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle Plaintiffs' entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered.   These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiffs' damages.   .

**VII.**
**KNOWLEDGE AND INTENT**

Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiffs' damages described herein.

**VIII.**
**WAIVER AND ESTOPPEL**

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## IX.
## DAMAGES

The above described acts, omissions, failures and conduct of Defendants have caused Plaintiffs' damages which include, without limitation, the cost to properly repair Plaintiffs' real property, any investigative and engineering fees incurred in the claim and the loss of rental income from the property.   Plaintiffs are also entitled to recover consequential damages from Defendants' breach of contract.   Plaintiffs are also entitled to recover the amount of their claim plus an 18% per annum penalty on that claim against Defendants as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees.   All the damages described in this petition are within the jurisdictional limits of the Court.   Plaintiffs seek monetary relief over $200,000 but not more than $1,000,000.

## X.
## ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiffs are entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA.   Plaintiffs are further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## XI.
## EXEMPLARY DAMAGES

Defendants' breach of their duty of good faith and fair dealing owed to Plaintiffs was done intentionally, with a conscious indifference to the rights and welfare of Plaintiffs and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages.   Therefore, Plaintiffs seek the recovery

of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## XII.
## ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees.  Plaintiffs are entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XIII.
## JURY DEMAND

Plaintiffs assert Plaintiffs' right to a trial by jury, under Texas Constitution Article 1, Section 15, and make this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216.  Plaintiffs tender the fee as required by Texas Government Code Section 51.604.

## XIV.
## REQUEST FOR DISCLOSURE

Pursuant to TEX. R. CIV. P. 194, you are requested to disclose, within fifty (50) days of the service of this request, the information or material described in 194.2(a)-194.2(l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas

Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

**MARTIN & DROUGHT, P.C.**
Bank of America Plaza, 25th Floor
300 Convent Street
San Antonio, TX 78205
Telephone: (210) 227-7591
Telecopier: (210) 227-7924
Email: cpace@mdtlaw.com

By: /s/ Clare L. Pace
      GERALD T. DROUGHT
      State Bar Number: 06134800
      CLARE L. PACE
      State Bar Number: 24079097
**ATTORNEYS FOR PLAINTIFFS**

Unofficial copy Travis Co. District Clerk - Velva Price

# CIVIL CASE INFORMATION SHEET

MAY ENTER CAUSE # / COURT # IF ALREADY ASSIGNED (E.G., FAMILY MOTION, AMENDED PETITION)

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   Court *(FOR CLERK USE ONLY)*: _____

STYLED   Antoinette Mattox and Ronald Mattox v. Safeco Insurance Company of Indiana and Derrick Etheridge

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Clare L. Pace  **Email:** cpace@mdtlaw.com  **Address:** 300 Convent St., Ste. 2500  **City/State/Zip:** San Antonio, TX 78205  **Telephone:** Direct 210-220-1380  **Fax:** 210-227-7924  **Signature:** /s/ Clare L. Pace  **State Bar No:** 24079097 | **Plaintiff(s)/Petitioner(s):** Antoinette Mattox  Ronald Mattox  **Defendant(s)/Respondent(s):** Safeco Insurance Company of Indiana  Derrick Etheridge  [Attach additional page as necessary to list all parties] | [x] Attorney for Plaintiff/Petitioner  [ ] Pro Se Plaintiff/Petitioner  [ ] Title IV-D Agency  [ ] Other:  **Additional Parties in Child Support Case:**  Custodial Parent:  Non-Custodial Parent:  Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| OPTION A: CK CASE TYPE (EXCEPT OTHER) FOR CLERK TO SELECT SUIT TYPE; SEE SEC. 3 NOTE BELOW | | | | **Post-judgment Actions (non-Title IV-D)** |
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | |
| *Debt/Contract*  [x] Consumer/DTPA  [ ] Debt/Contract  [ ] Fraud/Misrepresentation  [ ] Other Debt/Contract:  *Foreclosure*  [ ] Home Equity—Expedited  [ ] Other Foreclosure  [ ] Franchise  [ ] Insurance  [ ] Landlord/Tenant  [ ] Non-Competition  [ ] Partnership  [ ] Other Contract: | [ ] Assault/Battery  [ ] Construction  [ ] Defamation  *Malpractice*  [ ] Accounting  [ ] Legal  [ ] Medical  [ ] Other Professional Liability:  [ ] Motor Vehicle Accident  [ ] Premises  *Product Liability*  [ ] Asbestos/Silica  [ ] Other Product Liability  List Product:  [ ] Other Injury or Damage: | [ ] Eminent Domain/ Condemnation  [ ] Partition  [ ] Quiet Title  [ ] Trespass to Try Title  [ ] Other Property: | [ ] Annulment  [ ] Declare Marriage Void  *Divorce*  [ ] With Children  [ ] No Children | [ ] Enforcement  [ ] Modification—Custody  [ ] Modification—Other  **Title IV-D**  [ ] Enforcement/Modification  [ ] Paternity  [ ] Reciprocals (UIFSA)  [ ] Support Order |
| OPTION B: CK OTHER & ENTER 3-LETTER SUIT TYPE FOR CLERK TO USE WHEN DOCKETING | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | [ ] Expunction  [ ] Judgment Nisi  [ ] Non-Disclosure  [ ] Seizure/Forfeiture  [ ] Writ of Habeas Corpus— Pre-indictment  [ ] Other: | [ ] Enforce Foreign Judgment  [ ] Habeas Corpus  [ ] Name Change  [ ] Protective Order  [ ] Removal of Disabilities of Minority  [ ] Other: | [ ] Adoption/Adoption with Termination  [ ] Child Protection  [ ] Child Support  [ ] Custody or Visitation  [ ] Gestational Parenting  [ ] Grandparent Access  [ ] Parentage/Paternity  [ ] Termination of Parental Rights  [ ] Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| [ ] Discrimination  [ ] Retaliation  [ ] Termination  [ ] Workers' Compensation  [ ] Other Employment: | [ ] Administrative Appeal  [ ] Antitrust/Unfair Competition  [ ] Code Violations  [ ] Foreign Judgment  [ ] Intellectual Property | [ ] Lawyer Discipline  [ ] Perpetuate Testimony  [ ] Securities/Stock  [ ] Tortious Interference  [ ] Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| [ ] Tax Appraisal  [ ] Tax Delinquency  [ ] Other Tax | *Probate/Wills/Intestate Administration*  [ ] Dependent Administration  [ ] Independent Administration  [ ] Other Estate Proceedings | [ ] Guardianship—Adult  [ ] Guardianship—Minor  [ ] Mental Health  [ ] Other: | | |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| [ ] Appeal from Municipal or Justice Court  [ ] Arbitration-related  [ ] Attachment  [ ] **Bill of Review**  [ ] Certiorari  [ ] Class Action | [ ] **Declaratory Judgment**  [ ] **Garnishment**  [ ] **Interpleader**  [ ] **License**  [ ] **Mandamus**  [ ] Post-judgment | [ ] Prejudgment Remedy  [ ] **Protective Order**  [ ] **Receiver**  [ ] **Sequestration**  [ ] Temporary Restraining Order/**Injunction**  [ ] Turnover |

OPTION C: SECTION **3** PROCEDURES/REMEDIES IN **BOLD** MAY BE USED AS CASE OR SUIT TYPES. YOU MAY SPECIFY THAT ONE OF THESE PROCEDURES/REMEDIES BE USED AS A SUIT TYPE BY CHECKING IT AND LEAVING THE CASE TYPE IN SECTION **2** BLANK. SELECTING A CASE TYPE IN SECTION **2** OVERRIDES ANY SELECTION IN SECTION **3**.



**VELVA L. PRICE**

District Clerk, Travis County

Civil Division (512) 854-9457

# SERVICE REQUEST FORM

---

**REQUESTED BY:**

ATTORNEY/FILER: Clare L. Pace

PHONE #: 210-220-1380

EMAIL: cpace@mdtlaw.com

SUBMITTED BY: Clare L. Pace

TITLE: Attorney for Plaintiff

SIGNATURE: /s/ Clare L. Pace

---

**ISSUE PROCESS FOR:**

CAUSE #:

CASE STYLE: Antoinette Mattox and Ronald Mattox, Safeco Insurance Company of Indiana and Derrick Etheridge

---

**QUICK CITATION REQUEST:** (FOR SERVICE OF CITATION ON ALL DEFENDANTS BY PERSONAL)

ISSUE CITATION TO ALL DEFENDANTS LISTED IN THE ORIGINAL PETITION AT THE ADDRESS SPECIFIED IN THE PETITION AND FORWARD THE CITATION(S) TO THE FOLLOWING:

☐ TRAVIS CO. CONSTABLE (specify):

☐ PRIVATE PROCESS AGENCY (specify):

☐ CERTIFIED MAIL BY CLERK   ☑ ATTORNEY/REQUESTER

☐ I HAVE INCLUDED ATTACHMENTS TO THIS REQUEST (e.g. DISCOVERY) TO INCLUDE

---

**DETAILED SERVICE REQUEST:** (ON PARTICULAR PARTIES, BY VARIOUS DELIVERY METHODS, OR FOR NON-CITATION)

DESRIPTION OF INSTRUMENT(S) TO BE SERVED:

☐ I HAVE INCLUDED ATTACHMENTS TO THIS REQUEST (e.g. discovery) TO INCLUDE IN THE CITATION

| TYPE OF PROCESS TO ISSUE: | ☐ CITATION ☐ CERTIFIED NOTICE ☐ PROTECTIVE ORDER* ☐ TRO*^ ☐ INJUNCTION*^ ☐ SEQUESTRATION*^ ☐ ATTACHMENT* ☐ EXECUTION* ☐ ABSTRACT* ☐ SUPERSEDEAS^ ☐ SCIRE FACIAS* ☐ OTHER* |
|---|---|
| *SPECIFY TITLE AND DATE OF UNDERLYING ORDER IN CASE RECORD: | ^ATTACH A COPY OF BOND AND/OR OTHER SUPPORTING DOCUMENT |

---

**SERVICE TO BE ISSUED:**

| PARTY NAME: Safeco Insurance Company of Indiana<br>PARTY TYPE: Defendant<br>☑ USE ADDRESS IN ORIGINAL PETITION ☐ SECRETARY OF STATE<br>☐ OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐ TRAVIS CO. CONSTABLE<br>☑ ATTORNEY/REQUESTOR<br>☐ PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☑ PERSONAL SERVICE<br>☐ CERTIFIED MAIL (BY CONSTABLE)<br>☐ CERTIFIED MAIL (BY CLERK)<br>☐ CITATION BY POSTING*<br>☐ CITATION BY PUBLICATION* |
|---|---|---|
| PARTY NAME: Derrick Etheridge<br>PARTY TYPE: Defendant<br>☑ USE ADDRESS IN ORIGINAL PETITION ☐ SECRETARY OF STATE<br>☐ OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐ TRAVIS CO. CONSTABLE<br>☑ ATTORNEY/REQUESTOR<br>☐ PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☑ PERSONAL SERVICE<br>☐ CERTIFIED MAIL (BY CONSTABLE)<br>☐ CERTIFIED MAIL (BY CLERK)<br>☐ CITATION BY POSTING*<br>☐ CITATION BY PUBLICATION* |
| PARTY NAME:<br>PARTY TYPE:<br>☐ USE ADDRESS IN ORIGINAL PETITION ☐ SECRETARY OF STATE<br>☐ OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐ TRAVIS CO. CONSTABLE<br>☐ ATTORNEY/REQUESTOR<br>☐ PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☐ PERSONAL SERVICE<br>☐ CERTIFIED MAIL (BY CONSTABLE)<br>☐ CERTIFIED MAIL (BY CLERK)<br>☐ CITATION BY POSTING*<br>☐ CITATION BY PUBLICATION* |

*THIS TYPE OF SERVICE MAY REQUIRE A COURT ORDER. ENTER DATE OF SERVICE ORDER IN CASE RECORD:

ADDITIONAL INSTRUCTIONS FOR CLERK OR FOR OFFICER SERVING PROCESS:

---

**FOR ADDITIONAL PARTIES TO BE SERVED, USE e-FILED PROCESS ISSUANCE REQUEST FORM ADDENDUM**

Velva L. Price
District Clerk, Travis County
Civil Division (512) 854-9457

**SERVICE REQUEST FORM**

| Cause #: | Case Style: | |
|---|---|---|

| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |
| PARTY NAME:<br><br>PARTY TYPE:<br><br>☐USE ADDRESS IN ORIGINAL PETITION ☐SECRETARY OF STATE<br>☐OTHER ADDRESS: | EMAIL PROCESS TO:<br>☐TRAVIS CO. CONSTABLE<br>☐ATTORNEY/REQUESTOR<br>☐PRIVATE PROCESS AGENCY:<br>Process Agency Name: | SERVE VIA:<br>☐PERSONAL SERVICE<br>☐CERTIFIED MAIL (BY CONSTABLE)<br>☐CERTIFIED MAIL (BY CLERK)<br>☐CITATION BY POSTING*<br>☐CITATION BY PUBLICATION* |

*This Type of Service may require a court order. Enter date of service order in case record:

8/22/2016 10:11:26 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-16-003515**
**Terri Juarez**

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-16-003515**

ANTOINETTE MATTOX AND RONALD MATTOX

, Plaintiff

vs.

SAFECO INSURANCE COMPANY OF INDIANA AND DERRICK ETHERIDGE

, Defendant

TO:   SAFECO INSURANCE COMPANY OF INDIANA
      BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE CENTER
      211 EAST 7TH STREET, STE 620
      AUSTIN, TEXAS 78701

Defendant, in the above styled and numbered cause:

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Attached is a copy of the ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on AUGUST 3, 2016 in the 345TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, August 05, 2016.

REQUESTED BY:
CLARE LANE PACE
BANK OF AMERICA PLAZA, 25TH FLOOR
300 CONVENT STREET
SAN ANTONIO, TX 78205
BUSINESS PHONE:(210)227-7591 ext 380
FAX:(210)227-7924

Velva L. Price
Travis County District Clerk
Travis County Courthouses
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: JIMENEZ CHLOE

—  —  —  —  —  —  —  —  —  —  —  R E T U R N  —  —  —  —  —  —  —  —  —  —  —  —

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the PLAINTIFFS' ORIGINAL PETITION

accompanying pleading, having first attached such copy of such citation to such copy of pleading

and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

                                          _____
                                          Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

                                          By: _____
_____ day of _____, _____,

                                          _____
                                          Printed Name of Server

_____          _____ County, Texas
Notary Public, THE STATE OF TEXAS

D-1-GN-16-003515                    SERVICE FEE NOT PAID                    P01 ~ 000042899
☑ Original      ☐ Service Copy

CAUSE NO. D-1-GN-16-003515

STYLE: Antoinette Mattox and Ronald Mattox  V.  Safeco Insurance Company of
Indiana and Derrick Etheridge

COURT: 345th Judicial District Court of Travis County, Texas

**AFFIDAVIT**

Came to my hand: 8 / 4 / 2016 at 4:45 o'clock P.M.

**X Citation and Plaintiff's Original Petition**

Executed by me on: 8 / 5 / 2016 at 12:56 o'clock P.M.

Executed at 211 E 7th Street, Suite 620, Austin, Texas 78701, within the county of
Travis, by delivering to Safeco Insurance Company of Indiana by serving its registered
agent, Corporation Service Company, designated agent Sue Vertrees in person, a true
copy of the above specified civil process having first endorsed on such copy the date of
delivery.

I am over the age of 18; and I am not a party to nor interested in the outcome of the above
styled and numbered suit.

Authorized Person: _____

Printed Name: _Chris Dathe_
SCH#: _6008_  Expiration: _12-31-2018_
Magee Litigation Support
20770 US 281 North, #108-177
San Antonio, TX 78258
(830) 980-2500

State of Texas }

**VERIFICATION**

Before me, a notary public, on this day personally appeared the above name person, known to me to be the
person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared
that the statements/ facts therein contained are within his/her personal knowledge to be true and correct.
Given under my hand and seal of office on this the _8th_ day of _August_, 2016.



CECILIA DATHE
My Commission Expires
September 27, 2017

_Cecilia Dathe_
Notary Public Signature

8/26/2016 4:27:05 PM
**Velva L. Price**
**District Clerk**
**Travis County**
D-1-GN-16-003515
Rick Vittitow

**CAUSE NO. D-1-GN-16-003515**

| | | |
|---|---|---|
| ANTOINETTE MATTOX AND | § | IN THE DISTRICT COURT |
| RONALD MATTOX, | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | TRAVIS COUNTY, TEXAS |
| | § | |
| SAFECO INSURANCE COMPANY OF | § | |
| INDIANA AND DERRICK | § | |
| ETHERIDGE, | § | |
| **Defendants** | § | 345TH JUDICIAL DISTRICT |

### DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Safeco Insurance Company of Indiana ("Safeco") and files this Original Answer to Plaintiffs' Original Petition and, for such would respectfully show the Court the following:

### I.
### GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Safeco and denies each and every, all and singular, the allegations set forth in Plaintiffs' Original Petition and demands strict proof thereof by a preponderance of the evidence at the final trial of this case.

### II.
### AFFIRMATIVE DEFENSES

**Appraisal.** Safeco further avers and asserts that Plaintiffs have failed to satisfy all conditions precedent to bringing this suit under their homeowners' insurance policy. Specifically, Safeco reserves its right to invoke the policy's appraisal provision to resolve issues regarding the amount of loss and denies any intent to waive this right.

WHEREFORE, PREMISES CONSIDERED, Defendant Safeco Insurance Company of Indiana respectfully prays that upon final hearing hereof, Plaintiffs take nothing by reason of this action, that Safeco be awarded its costs of court, and for such other and further relief to which they may show itself justly entitled.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 6000
Austin, Texas  78701
Telephone:    (512) 472-7700
Facsimile:      (512) 472-0205

By: _____
Catherine L. Hanna
State Bar No. 08918280
Email:  channa@hannaplaut.com
Laura D. Tubbs
State Bar No. 24052792
Email:  ltubbs@hannaplaut.com

**ATTORNEYS FOR DEFENDANT SAFECO**
**INSURANCE COMPANY OF INDIANA**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been delivered by e-service and/or facsimile on this _26th_ day of August, 2016 to:

***Via Facsimile (210) 227-7924***
Gerald T. Drought
Clare L. Pace
Martin & Drought, P.C.
Bank of America Plaza, 25th Floor
300 Convent Street
San Antonio, Texas  78205
*Attorneys for Plaintiffs*

_____
Laura D. Tubbs